BRETT L. TOLMAN, United States Attorney (#8821)
JARED C. BENNETT, Assistant U.S. Attorney (#9097)
Attorneys for the United States of America
185 South State Street, #300
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA, : | Case No. 1:08 CR 0114TC |
| Plaintiff, : | |
| vs. : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| JAY BERT ATWATER, and HERITAGE RESTORATION, INC., : | Honorable Tena Campbell<br>Magistrate Judge David Nuffer |
| : | |
| Defendants. | |

I, Jay Bert Atwater, as agent for HERITAGE RESTORATION, INC. ("HRI"), hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1.     As part of this agreement with the United States, I intend to waive HRI's right to indictment and plead guilty to Count I of the Information on behalf of HRI. HRI's attorney has explained the nature of the charge against HRI, and I have had an opportunity to discuss the nature of the charge with HRI's attorney.  I understand the charge and what the government is required to prove in order to convict HRI.  The elements of Count I in the Information are: (1) a person (i.e., a corporation), (2) knowingly operated a source (i.e. HRI), (3) in violation of a specific prohibition (to wit: discharging pollutants into a publicly owned treatment works that resulted in the presence of toxic gases, vapors, or fumes in a quantity that may cause acute worker health or safety problems), (4) after the prohibition's effective date that EPA promulgated under 33 U.S.C. § 1317 in violation of 33 U.S.C. §§ 1319(c)(2)(A), 1317(d); 40 C.F.R. § 403.5(b)(7); and 18 U.S.C. § 2(b).

2.     I recognize that the maximum possible penalty as to HRI provided by law for Count I of the Information, a violation of 33 U.S.C. § 1319(c)(2)(A), is a fine of $500,000.00. Additionally, I know that the court is required to impose an assessment in

the amount of $400 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to any victims of its offense may be ordered.

   3. I know that the sentencing procedures in this case and HRI's ultimate sentence will be determined pursuant to 18 U.S.C. §§ 3553 and 3572, and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining HRI's sentence. I have discussed these procedures with HRI's attorney. I also know that the final calculation of HRI's sentence by the Court may differ from any calculation the United States, HRI's attorney, or I may have made, and HRI will not be able to withdraw its plea if this occurs.

   4. I know that HRI can be represented by an attorney at every stage of the proceeding.

   5. I know that HRI has a right to plead "Not Guilty," and I know that if HRI does plead "Not Guilty," it can have a trial.

   6. I know that HRI has a right to a trial by jury, and I know that if it stands trial by a jury:

    (a) It has a right to the assistance of counsel at every stage of the proceeding.

    (b) It has a right to have its agent see and observe the witnesses who testify against it.

    (c) Its attorney can cross-examine all witnesses who testify against it.

    (d) It can call witnesses to testify at trial, and it can obtain subpoenas to require the attendance and testimony of those witnesses. If it cannot afford to pay for the appearance of a witness and mileage fees, the Government will pay them.

    (e) The government must prove each and every element of the offense charged against it beyond a reasonable doubt.

    (f) A unanimous verdict of a jury is required to convict it.

    (g) If it were to be convicted, as its agent, I can appeal.

   7. If HRI pleads guilty, there will not be a trial of any kind. By pleading guilty, HRI waives its right to a trial by jury.

   8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which HRI may appeal its sentence.

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal HRI's sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about HRI and the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. The following facts, to which the parties stipulate as true, support HRI's plea of guilty, and when HRI is mentioned, it includes its agents and/or employees:

> From on or about April 2007 to on or about October 2007, HRI was a Utah corporation with its principal place of business at 341 North Market Street, Suite B, Kaysville, Utah 84037. HRI refinished furniture. When a piece of furniture was brought in, HRI striped the furniture with a solution containing 70-76% methylene chloride. The label for the methylene chloride solution that HRI used said that the solution could not be made non-poisonous, and its material safety data sheet said that fumes from methylene chloride may be dangerous in confined spaces, and, therefore, people should not enter those confined spaces when methylene chloride is present unless a "special breathing apparatus is used and an observer is present for assistance". The United States Environmental Protection Agency has determined that solutions containing more than 10% methylene chloride before use are listed as hazardous wastes once discarded because of toxicity. Once the furniture was stripped with this methylene chloride solution, HRI rinsed the stripped furniture with water. The rinse water mixed with the methylene chloride solution that remained on the furniture ("rinse solution") and ran into a depression on the shop floor. HRI collected the rinse solution and discharged it down the sink at HRI that was connected to the Central Davis Sewer District ("CDSD"). The concentration of methylene chloride in the rinse solution that HRI discharged down the sink created toxic gases, vapors, or fumes in a quantity that may have caused acute worker health or safety problems to any employee of CDSD who may have been in the manhole near HRI when the rinse solution was discharged. By so doing, HRI violated 40 C.F.R. § 403.5(b)(7), which prohibits HRI from discharging pollutants into a publicly owned treatment works (i.e., CDSD) that resulted in the presence of toxic gases, vapors, or fumes in a quantity that may cause acute worker health or safety

problems. This prohibition was promulgated pursuant to 33 U.S.C. § 1317 before April 2007.

    12.    The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

    A.    HRI agrees to:

    (1)    Waive its right to indictment by grand jury and plead guilty to Count I of the Information;

    (2)    If the Court finds that HRI failed to fulfill its obligations under this plea agreement, or if HRI withdraws its plea of guilty, HRI shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that my statements in this agreement and in Court at the plea of guilty, or any leads derived therefrom, should be suppressed or are inadmissible at any trial, hearing, or other proceeding;

    B.    The United States agrees to:

    (1)    Dismiss the Indictment as to HRI after HRI waives its right to indictment by grand jury and pleads guilty to Count I of the Information.

    (2)    Recommend that HRI receive credit for acceptance of responsibility, dependent upon the appropriate offense level, if HRI demonstrates an acceptance of responsibility for this offense by virtue of its conduct up to and including the time of sentencing. If, in the opinion of the United States Attorney's Office, HRI fails to demonstrate an acceptance of responsibility for this offense, the Government will not recommend the reduction of the applicable guideline range. If the Government does not make a recommendation for acceptance of responsibility due to HRI's failure to accept responsibility for this offense, it will not be a basis for HRI to withdraw the guilty plea.

    13.    I understand that if HRI knowingly violates any local, state, or federal law between now and the time of its sentencing, such offense may constitute a violation of this plea agreement. I also understand that the Court will decide whether a violation of the plea agreement has occurred. If the Court finds that HRI has breached this agreement by violating any law, I understand that the Court may relieve the Government of all obligations and commitments in this plea agreement while leaving intact HRI's plea of "Guilty".

14. I understand that the Court can make no decision as to what HRI's sentence will be until the Presentence Report has been received and reviewed by the judge. I further understand that the Court is not obligated in any way to follow the recommendation of the Government concerning sentencing matters. If the Court does not follow the Government's recommendation, I know that HRI will not be allowed to withdraw its plea of "Guilty".

15. I understand that the Court can and will consider all available information in determining HRI's sentence.

16. I know as HRI's agent that I have a right to ask the Court any questions I wish to ask concerning HRI's rights, or about these proceedings and HRI's plea.

\*   \*   \*   \*

I make the following representations to the Court:

1. I am **54** years of age. My education consists of **6 yrs college**. I _[handwritten]_ read and understand English.

2. This Statement in Advance contains all terms of the agreements between HRI and the Government; if there are exceptions, the Court will be specifically advised, on the record, at the time of HRI's guilty plea of the additional terms. I understand the Government and HRI cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty on behalf of HRI.

4. Neither HRI's attorney nor the Government has represented to me that HRI would receive any form of leniency because of its plea.

5. I have discussed this case and this plea with HRI's lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with HRI's lawyer.

7. HRI's decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of HRI's rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea on behalf of HRI, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I, on HRI's behalf, have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement on behalf of HRI. I do not wish to make changes to this agreement because I agree with the terms, and all of the statements are correct.

DATED this 10th day of Nov, 2008.

JAY BERT ATWATER
Agent for Defendant HRI

I certify that I have discussed this statement with HRI's representative, that I have fully explained its rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of HRI's legal rights and that there is a factual basis for the plea..

DATED this 10th day of Nov, 2008.

MAX D. WHEELER
Attorney for Defendant HRI

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no off-the-record agreements between the defendant and the United States.

DATED this 10th day of November, 2008.

BRETT L. TOLMAN
United States Attorney

JARED C. BENNETT
Assistant United States Attorney